USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 5/8/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEFKET REDZEPAGIC,

                Plaintiff,

– against –

ROBERT HAMMER, MELOHN
PROPERTIES INC., THE MELOHN
GROUP LLC, L 4750, LLC,
A 4750, LLC, 4750 BEDFORD LLC., AND
JOHN DOES #1-10, jointly and severally,

                Defendants.

**OPINION AND ORDER**

14 Civ. 9808 (ER)

Ramos, D.J.:

    Plaintiff Sefket Redzepagic ("Plaintiff) brought the above-captained action against Defendants claiming violations of the Fair Labor Standards Act (FLSA) for Defendants' failure to pay overtime wages. *See* Doc. 1. Plaintiff has submitted an application for the Court to approve the parties' Agreement and Release ("Agreement"). Doc. 82.

    In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). The Court approves the Agreement for the reasons described below.

    "In order to evaluate the fairness of a proposed settlement, the parties must provide the court with enough information to evaluate 'the bona fides of the dispute.'" *Gaspar v. Pers. Touch Moving, Inc.*, No. 13 Civ. 8187 (AJN), 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015).

The Court's inquiry into the substantive reasonableness of a FLSA settlement requires the parties to submit, among other things, a comparison of Plaintiff's range of possible damages with the final settlement amount, and an explanation of the case-specific litigation risks and other factors that justify the discrepancy between the potential value of Plaintiff's claims and the settlement amount, if any. *See, e.g., Jesus v. PS Bros. Gourmet*, No. 15 Civ. 99 (WHP), 2015 WL 9809999, at *1 (S.D.N.Y. Dec. 18, 2015) (approving FLSA settlement where plaintiff submitted "a detailed breakdown of the total damages assessed for minimum wage, overtime, and spread-of-hours violations; New York and federal liquidated damages; interest; and pay stub violation"); *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007 (VSB), 2015 WL 9161791, at *1 (S.D.N.Y. Dec. 14, 2015) (approving settlement after parties "submitted a letter detailing why they believe the settlement reached in this action, and the contemplated attorney's fees, are fair and reasonable").

The Agreement provides for a total settlement of $75,000 and divides the settlement as follows: (i) a payment to Plaintiff in the amount of $24,540.41; (ii) a payment to Plaintiff in the amount of $24,540.41 representing liquidated and other damages; and (iii) a payment to Plaintiff's counsel in the amount of $25,919.18. *See* Doc. 82, Exhibit 1 ("Agreement"). Thus, under the Agreement, Plaintiff retains $49,080.82 of the $75,000. The Court is satisfied that the parties have adequately justified the dollar amounts constituting the settlement. Here, Plaintiff faces a large and uncertain range of possible recovery. At the low end, Plaintiff could potentially recover nothing at trial if Defendants demonstrate that Plaintiff only worked overtime when he reported it on his weekly time sheets and that the time he spent on-call is not compensable under the FLSA. *See* Doc. 82 at 2. At the high end of potential recovery, if Plaintiff demonstrates that he was on call for 24 hours a day, 7 days a week, and that all his on-call time was compensable

under the FLSA, Plaintiff could recover up to $323,000 in wages. *Id.* In addition to the wages Plaintiff may potentially recover, he could also potentially recover up to an equal amount in damages. *Id.* The Court finds that the explanation of how the payments have been reduced to account for litigation risks and potential defenses is reasonable. Additionally, the arms-length settlement was reached with the assistance of counsel for the parties, who are experienced in employment matters. *Id.*

Regarding the reasonableness of attorneys' fees requested, the Court looks to "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case–which creates a presumptively reasonable fee." *Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13 Civ. 6667 (PAE), 2015 WL 5122530, at *2 (S.D.N.Y. Aug. 31, 2015) (quoting *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014)). Under the proposed Agreement, Plaintiff's attorneys will retain $25,919.18 in attorneys' fees and costs. Agreement ¶ 2.c.[1] In line with the requirements for FLSA settlement approval in this Circuit, Plaintiff's counsel has submitted billing records detailing the type of work performed and hours logged by each attorney or staff member in this matter so that the Court may calculate reasonable fees under the "lodestar" method. *See Garcia v. Jambox, Inc.*, No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *6 (S.D.N.Y. Apr. 27, 2015) ("In this circuit, a proper fee request entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done. That requirement extends to parties seeking approval of a

---

[1] This total amounts to approximately one third of the overall settlement. Per the retainer agreement between Eisner & Dictor, P.C., and Plaintiff, Plaintiff agreed that counsel would represent him on a contingency basis and that counsel would retain one third of any gross recovery as attorneys' fees, plus the costs and disbursements incurred by the firm. *See* Doc. 82 at 3. "One-third contingency fees . . . are commonly accepted in the Second Circuit in FLSA cases." *Najera v. Royal Bedding Co., LLC*, No. 13 Civ. 1767 (NGG) (MDG), 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015).

3

settlement that allocates a portion of the proceeds to the attorney."); *see also Beckert*, 2015 WL 8773460, at *2 (evaluating the reasonableness of plaintiff's request for fees of one third of the settlement amount by reviewing the reasonable hours worked multiplied by reasonable hourly rates, *i.e.* the lodestar method).

Here, Plaintiff's counsel's lodestar calculation is $34,502.50 plus $919.18 in costs. Doc. 82, Ex. 3 at 7. This work includes drafting and filing the complaint and amended complaints, drafting and responding to discovery requests, defending Plaintiff's deposition, attending court conferences, drafting demand letters, researching and drafting opposition to a motion for summary judgment, and settlement negotiations. *See id.* The total amount of hours billed by all individuals amounts to 149.8 hours. *Id.* The Court is satisfied with the billing rates that counsel assigned to each biller at Eisner & Dictor, P.C. and the number of hours spent for each task.[2] Based on these sums, the Court finds that the requested attorneys' fees and costs of $25,919.18 are objectively reasonable.

In terms of the non-monetary provisions, the Court finds all of them to be fair and reasonable.

The Agreement, attached as Exhibit 1 to Doc. 82, is SO ORDERED. The Third Amended Complaint, Doc. 30, is dismissed with prejudice. The Clerk of the Court is respectfully directed to close the case.

It is SO ORDERED.

Dated: May 8, 2017
New York, New York

Edgardo Ramos, U.S.D.J.

---

[2] The lodestar amount was calculated at a rate of $500 an hour for partner Eugene Eisner; $250 an hour for attorneys Thomas Lamadrid, Benjamin N. Dictor, and Maria Chickedantz; and $125 an hour for law clerk Elizabeth Jackson. *See* Doc. 82; Doc. 82, Ex. 3 at 8.

4